**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

CLEVELAND GRAVES,
　　　　　　　*Defendant-Appellant.*

No. 00-4723

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-77)

Submitted: May 31, 2001

Decided: June 11, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Cleveland Graves pled guilty to bank robbery, 18 U.S.C.A. § 2113(a) (West 2000), and was sentenced to a term of fifty-one months imprisonment. He appeals, contending that the district court erred by not expressly ruling on his motion for a downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.3, p.s. (1998). We affirm.

Graves objected to two criminal history points assigned in the presentence report for his commission of the offense while he was on probation. USSG § 4A1.1(d). He also moved for a departure under § 4A1.3, p.s., arguing that assignment of the two points significantly overstated his criminal history. In addition, he moved for a departure based on diminished capacity. USSG § 5K2.13, p.s. At the sentencing hearing, the district court overruled Graves' objection to the two criminal history points. His attorney then mentioned that Graves had two departure motions and made an argument for a departure for diminished capacity. The government too spoke in favor of a departure based on diminished capacity. However, the district court declined to depart on this ground. Defense counsel did not bring up the second departure motion, and the district court imposed sentence. Graves now maintains that his case should be remanded to obtain a ruling from the district court on the motion for a departure under § 4A1.3.

Graves relies on Fed. R. Crim. P. 32(c), which requires the district court to rule on any unresolved objections to the presentence report. However, the district court complied with Rule 32 by denying Graves' objection to the two criminal history points. The court was not required by Rule 32 to expressly grant or deny the departure Graves sought based on overstatement of his criminal history. By failing to pursue a ruling on his motion for a criminal history departure,

Graves abandoned the issue and forfeited a ruling. An appeals court may notice a forfeited error under Fed. R. Crim. P. 52(b) only if an error indeed occurred; if the error was plain; if it affected the defendant's substantial rights; and if it seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993). On the facts presented here, we cannot find that plain error occurred.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*